**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION #99; ALLEN P. DURAND, et al., TRUSTEES; and THE RHODE ISLAND AND SOUTHEAST MASSACHUSETTS CHAPTER, NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION | : | |
| Plaintiffs | : | CA 05 540T |
| v. | : | CA. NO.: |
| THE POWERPRO'S INCORPORATED; and RONALD A. COSTA, PRESIDENT | : | |
| Defendants | : | |

# COMPLAINT

## PARTIES

1. Plaintiff, International Brotherhood of Electrical Workers Local Union #99 ("Local 99") is the exclusive bargaining representative for certain employees of Defendants, and as such, is a labor organization representing employees in an industry affecting commerce as defined in Sections 501(1), (3), & 2(5) of the *Labor Management Relations Act of 1947* ("LMRA") (29 U.S.C.S. §142(1), (3) & 152(5)) and within the meaning of Section 301 of the LMRA (29 U.S.C.S. §185). Local 99 administers the *Local 99 Dues Fund*, the *Local 99 Building Fund*, and the *Local 99 P.A.C. Fund* (the "Local 99 Funds"), and brings this action in its capacity as administrator of the Local 99 Funds on behalf of said Local 99 Funds. Local 99 maintains its principal offices at Ninety-Nine Way, in the City of Cranston, State of Rhode Island.

2. Plaintiffs, Allen P. Durand, et al., Trustees ("Trustees"), are the trustees of the *Local 99 Health and Welfare Trust Fund*, the *Local 99 Retirement Trust Fund*, the *Local 99 Annuity Trust Fund*, and the *Local 99 Joint Apprenticeship and Training Trust Fund* (the "Local 99 Benefit Trust Funds"), each of which Trust Funds is governed by the provisions of the *Employee Income Security Act of 1974* ("ERISA") and other applicable federal laws. The Trustees bring this action in their capacities as trustees on behalf of the Local 99 Benefit Trust Funds.

3. Plaintiff, Rhode Island and Southeast Massachusetts Chapter of the National Electrical Contractors Association ("NECA"), is an organization formed for the purpose of protecting the rights of and bargaining for certain electrical contractors who employ electrical union members. NECA administers the Rhode Island and Southeast Massachusetts jurisdiction of the *National Electrical Benefit Fund* ("NEBF"), the *Rhode Island Labor Management Cooperation Committee Fund* ("RI LMCC Fund"), and the *Administrative Maintenance Fund* ("AMF") (the "NECA-administered Funds"), and brings this action in its capacity as administrator of the NECA Funds. NECA maintains its principal offices at 779 Park Avenue, in the City of Cranston, State of Rhode Island.

4. Defendant, The PowerPro's Incorporated ("PowerPro's") is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business located at 15 Glen Ridge Road, in the Town of Cranston, State of Rhode Island. At all times herein relevant, Defendant PowerPro's was a party to a Collective Bargaining Agreement with Local 99 obligating it to make contributions on behalf of certain of its employees to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds, and thus PowerPro's was and is an employer in an industry affecting commerce, as defined in Sections 501(1), (3), & 2(2) of the LMRA (29 U.S.C.S. §142 (1), (3) & 152 (2)), and within the meaning of Section 301 of the LMRA (29 U.S.C.S. §185).

5. Defendant Ronald A. Costa ("Costa") is a resident of the State of Rhode Island and, based upon information, is the President of Defendant PowerPro's. Costa is sued in his capacity as the President of Defendant PowerPro's, and is sued personally.

## JURISDICTION

6. This action arises under, and jurisdiction is conferred upon this Court, by virtue of Section 502 of ERISA (29 U.S.C.S. §1132) and Section 301 of the LMRA (29 U.S.C.S. §185).

## COUNT I
### Breach of Duty Under the Collective Bargaining Agreement and Section 515 of ERISA (29 U.S.C.S. §1145)

7. Plaintiffs incorporate paragraphs 1 through 6 as though fully set forth herein.

8. At all times relevant hereto, Local 99 and PowerPro's were parties to and operated under a Collective Bargaining Agreement whereby Local 99 acts as the bargaining agent for PowerPro's employees who are members of Local 99, and whereby PowerPro's was obligated to make contributions on behalf of such employees to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds.

9. Some or all of the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds were established pursuant to and are employee benefit funds

administered in accordance with Section 302 of the LMRA (29 U.S.C.S. §186) and Section 402 of ERISA (29 U.S.C.S. §1102).

10. The Defendant PowerPro's has become severely delinquent in various amounts that it owes to the some or all of the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds under the Collective Bargaining Agreement for the approximate time period of May, 2005 through September, 2005. As a result of said delinquencies, Local 99 terminated its Collective Bargaining Agreement with PowerPro's in October, 2005 and is proceeding to collect all money owed. The total *principal* amount only, *excluding interest*, of the delinquent contributions owed by the Defendant PowerPro's to some or all of the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds is **approximately $23,468.31**.

11. Pursuant to the Collective Bargaining Agreement and the Plaintiff Trustees' *Delinquent Contribution Collection Policy*, PowerPro's is also obligated to pay to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds, interest accrued on the above-stated delinquent contribution amounts, as well as applicable collection and litigation costs and expenses.

12. Thus, the Defendant PowerPro's has breached its duties under the Collective Bargaining Agreement and under Section 515 of ERISA (29 U.S.C.S. §1145) by failing to make all of its obligatory employee contributions to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds, and the Defendant PowerPro's thereby owes the above-stated amount plus accrued interest and applicable collection and litigation costs and expenses.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of **$23,468.31**, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

## COUNT II
## Breach of Fiduciary Duty Under Section 409 of ERISA (29 U.S.C.S. §1109)

13. Plaintiffs incorporate paragraphs 1 through 12 as if fully set forth herein.

14. The Defendant PowerPro's breached its fiduciary duties under Section 409 of ERISA (29 U.S.C.S. §1109) by failing to make contributions to the Local 99 Funds, the Local 99

Benefit Trust Funds, and the NECA-administered Funds as required by the Collective Bargaining Agreement.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of **$23,468.31**, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

**COUNT III**
**The Defendant Costa is the Alter Ego of Defendant PowerPro's**

15 Plaintiffs incorporate paragraphs 1 through 14 as if fully set forth herein.

16. Defendant Costa, as the President and thus the sole officer, director and/or shareholder of Defendant PowerPro's was/is the Defendant PowerPro's "controlling corporate official" and was/is also the corporation's alter ego for the purpose of the Collective Bargaining Agreement because Costa had/has the requisite control over the day-to-day actions of the corporation, can make and made decisions regarding payment of liabilities, and continued to operate PowerPro's despite financial adversity leading to its failure to make the employee contributions to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds.

17. As evidence of his status as PowerPro's alter ego, Defendant Costa executed a "Letter of Assent" to the Local 99 Collective Bargaining Agreement on behalf of Defendant PowerPro's, thereby obligating PowerPro's to all of the terms and conditions set forth in said Agreement, including the obligation to tender timely employee contributions to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds.

18. The corporate veil of Defendant PowerPro's is a sham because Defendant Costa has not complied with the requisite corporate formalities, such as failing to adequately capitalize the company, failure to maintain corporate records, nonpayment of dividends and consistent gross insolvency.

19. Defendant Costa never had, and does not have now, any genuine or separate existence from Defendant PowerPro's. The corporation is merely a facade for the actions of Defendant Costa. The interests of justice compel that the corporate veil be pierced.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of **$23,468.31**, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

**COUNT IV**
**Defendant Costa qualifies as an "Employer" Within the Meaning of ERISA**

20. Plaintiffs incorporate paragraphs 1 through 19 as if fully set forth herein.

21. Defendant Costa acted and continues to act as an "employer obligated to make contributions" within the meaning of ERISA (29 U.S.C.S. §§515 and 1002(5)). As such, he is jointly and severally liable for any and all obligations of the Defendant PowerPro's under the Collective Bargaining Agreement.

22. As evidence of his status as an "employer obligated to make contributions" within the meaning of ERISA (29 U.S.C.S. §§515 and 1002(5)), Defendant Costa executed a "Letter of Assent" to the Local 99 Collective Bargaining Agreement on behalf of Defendant PowerPro's, thereby obligating PowerPro's to all of the terms and conditions set forth in said Agreement, including the obligation to tender timely employee contributions to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of **$23,468.31**, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

**COUNT V**
**Breach of the Duty of Good Faith Under Section 8(a)(5) of the LMRA**
**(29 U.S.C.S. §158 (a)(5))**

23. Plaintiffs incorporate paragraphs 1 through 22 as if fully set forth herein.

24. Local 99 has requested information from each of the Defendants concerning their employees, which information is necessary to properly and effectively represent its bargaining unit members.

25. Defendants have failed to adequately respond to said request for information. Such failure violates Defendants' duty to act in good faith under Section 8(a)(5) of the LMRA (29 U.S.C.S. §158(a)(5)).

26. Defendants' failure to tender timely contributions to the to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NECA-administered Funds as required by the Collective Bargaining Agreement also violates Defendants' duty to act in good faith under Section 8(a)(5) of the LMRA (29 U.S.C.S. §158(a)(5)).

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of **$23,468.31**, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

**Dated:** Nov 23, **2005**

Plaintiffs,
By Their Attorneys,

Jeffrey M. Gibson (#3046)
RODIO & URSILLO, LTD.
86 Weybosset Street
Providence, RI 02903
(401) 331-6400